<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIQUE DUNCAN, | Civil Action No. 13-3482 (WJM) |
| Petitioner, | |
| v. | OPINION |
| GREYSTONE PARK PSYCH. HOSPITAL, | |
| Respondents. | |

**APPEARANCES**:

    ANTONIQUE DUNCAN
    Greystone Psychiatric Hospital
    59 Koch Avenue
    Morris Plains, New Jersey 07950
    Petitioner *Pro Se*

<u>**MARTINI, District Judge**</u>:

    Antonique Duncan filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging her involuntary confinement at Greystone Psychiatric Hospital in New Jersey.[1] This Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2241. The dismissal is without prejudice to the filing of a petition under 28 U.S.C. 2254, after Ms. Duncan has challenged her confinement in the New Jersey courts.

---

[1] On July 9, 2013, this Court administratively terminated the matter for statistical purposes because Ms. Duncan did not prepay the $5 filing fee or apply for *in forma pauperis* status. Ms. Duncan thereafter paid the filing fee.

## I.   BACKGROUND

Using a form § 2241 petition, Ms. Duncan asserts that on March 27, 2013, she was taken by ambulance to a mental hospital and, since that date, she has been detained against her will at Greystone Park Psychiatric Hospital and Trinitas Psychiatric Hospital, even though she has no mental disability. She presents the following grounds in support of her claim that New Jersey is confining her in violation of the Constitution, laws, or treaties of the United States:

> Ground One:   I TELL THEM JUST AS THEY ASK ME BACK DO YOU SEE YOURSELF AS HAVING A MENTAL DISABILITY[?]   I TELL THEM NO BECAUSE I DON[']T.   I DON'T HEAR VOICES[,] I DON'T SEE THINGS[, AND] I HAVE CONTROL OVER MY MIND.
>
> Ground Two:   I DON[']T WANT TO BE SHIFTED TO DIFF[E]RENT MENTAL HOSPITALS[,] I GUESS FOR DIFF[E]RENT TREATMENT WHEN THERE'S NOTHING WRONG IN THE FIRST PLACE.
>
> Ground Three:   TELL THEM I DON[']T HAVE A MENTAL DISABILITY[.]   THE TREATMENT TEAM DID NOTHING ABOUT IT[.]   THEY TOLD ME UNDER WHAT GROUNDS I AM IN A HOSPITAL ASKING ME DO I THINK I HAVE A MENTAL DISABILITY . . . .   WHEN ONE OF THEM TOLD ME THE REASON I[']M IN A MENTAL FACILITY IS BECAUSE I LOOK DISHE[VEL]ED.   I WAS HORRIFIED AFTER ALL THESE YEARS OF PUTTING ME IN A MENTAL HOSPITAL YOU CAN ONLY COME UP WITH I LOOK DISHE[VEL]ED . . .
>
> Ground Four:   WHEN ENTERING INTO THE HOSPITAL TO DO EVALUATION THE[Y] JUST KEEP ME.

(Petition, Grounds, ECF No. 1 at 7-9.)

Ms. Duncan asks this Court to get her out of the mental hospital and "pay me for pain and suffering."   (Petition, ECF No. 1 at 9.)

## II.   DISCUSSION

A.   Jurisdiction

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a person who is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(a), (c)(3).   Section 2254

confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In *Coady v. Vaughn*, 251 F. 3d 480 (3d Cir. 2001), Coady, a Pennsylvania prisoner, filed a petition pursuant to 28 U.S.C. §§ 2241 and 2254 challenging a decision of the state parole board denying his application for release on parole. The District Court adopted the recommendation of the Magistrate Judge, which construed the matter as a § 2241 petition and dismissed it for failure to state a claim. On appeal, the Third Circuit determined that the District Court had no jurisdiction under § 2241, and the exclusive remedy for a person confined pursuant to the judgment of a state court is a habeas corpus petition under 28 U.S.C. § 2254, which requires the petitioner to exhaust state court remedies before filing the § 2254 petition. The Third Circuit explained:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this canon is that a general provision should not be applied when doing so would undermine limitations created by a more specific provision. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging [detention pursuant to a state court judgment].

*Coady*, 251 F.3d at 484-85 (citations, internal quotation marks and footnote omitted); *accord Washington v. Sobina*, 509 F.3d 613, 619 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241) (citing *Coady*, 251 F.3d at 485).

Under the holding of *Coady v. Vaughn*, this Court lacks jurisdiction under § 2241 over Ms. Duncan's challenge to her involuntary commitment.  *See Matthews v. Norristown State Hosp.*, 528 F.App'x 115 (3d Cir. June 10, 2013) (holding that person claiming that he was involuntarily committed to a psychiatric hospital in violation of his constitutional rights must seek relief through a petition for a writ of habeas corpus after exhausting state remedies, as required by 28 U.S.C. § 2254); *cf. Keeling v. Pennsylvania*, 519 F. App'x 120 (3d Cir. 2013) (holding that persons confined pursuant to state court judgment must bring challenges to confinement under § 2254, not § 2241, as "Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241") (citation omitted); *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (holding that habeas corpus petition seeking relief from confinement pursuant to state court judgment must be brought under § 2254, not § 2241); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner . . , not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence - in this case with respect to revocation of Cook's parole - under section 2254.  A petition under section 2241 is therefore unavailable to him"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (same).  This Court will dismiss the Petition for lack of jurisdiction.[2]

---

[2] This Court will not recharacterize the petition as a petition under 28 U.S.C. 2254 because nothing presented in the petition shows that Ms. Duncan exhausted her claims before all three levels of the New Jersey courts.

This Court notes that, in her request for relief, Ms. Duncan asks for payment for her pain and suffering during her confinement. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Because habeas relief is available only when a person "seek[s] to invalidate the duration of [her] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), this Court lacks habeas jurisdiction over Ms. Duncan's request for damages raised in her § 2241 Petition. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (Since "[f]ederal habeas power is limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment," claim for damages must be brought in a separate lawsuit); *Bonadonna v. United States*, 446 F.App'x 407 (3d Cir. 2011) (District Court properly dismissed § 2241 petition seeking restoration of soft shoes pass because petitioner did not challenge duration or fact of his confinement); *Bronson v. Demming*, 56 F.App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint). To the extent that Ms. Duncan seeks damages in this habeas petition, this Court will dismiss the claim for lack of jurisdiction. *Id*.

B.   Certificate of Appealability

To the extent the Petition seeks relief pursuant to 28 U.S.C. § 2254, this Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because Duncan has not made a substantial showing of the denial of a constitutional right.

5

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction under 28 U.S.C. § 2241, and denies a certificate of appealability.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:   May 28, 2014